IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JILL R. GILES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:17-cv-896 |
| | ) | |
| WILSON COUNTY BOARD OF | ) | JUDGE CAMPBELL |
| EDUCATION and/or WILSON | ) | MAGISTRATE JUDGE NEWBERN |
| COUNTY SCHOOLS, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

This case is set for trial on Tuesday, October 16, 2018. Pending before the Court is Plaintiff's Motions *in Limine* (Doc. Nos. 85, 86) and Defendant's Motions *in Limine* (Doc. Nos. 72-84, 87). The Court held a pretrial conference on October 12, 2018. For the reasons stated on the record during the pretrial conference, the Court rules as follows:

1. Plaintiff's Motion *in Limine* to preclude leading questions by Defendant (Doc. No. 85) is **DENIED**.

2. Plaintiff's Motion *in Limine* regarding evidence of collateral source benefits (Doc. No. 86) is **GRANTED**.

3. Defendant's Motion *in Limine* regarding evidence of travel of other homebound teachers (Doc. No. 72) is **DENIED**.

4. Defendant's Motion *in Limine* regarding evidence of Plaintiff's accolades and achievements (Doc. No. 73) is **DENIED**.

5. Defendant's Motion *in Limine* regarding evidence of other lawsuits or settlements with Defendant (Doc. No. 74) is **GRANTED**.

1

6. Defendant's Motion *in Limine* regarding evidence of misrepresentation of benefits (Doc. No. 75) is **GRANTED**.

7. Defendant's Motion *in Limine* regarding evidence of individuals who were disciplined for attendance (Doc. No. 76) is **DENIED**. The Court will consider objections as they arise during trial.

8. Defendant's Motion *in Limine* regarding evidence incorporating additional twelve weeks of leave into Defendant's attendance policy (Doc. No. 77) is **DENIED**. The Court believes the parties should keep FMLA leave, sick leave, and vacation leave separate as not to confuse the jury.

9. Defendant's Motion *in Limine* regarding evidence of Plaintiff's diagnosis (Doc. No. 78) is **DENIED**.

10. Defendant's Motion *in Limine* regarding evidence of accommodations not requested by Plaintiff (Doc. No. 79) is **DENIED**. The Court will consider objections as they arise during trial.

11. Defendant's Motion *in Limine* regarding emails thanking Plaintiff (Doc. No. 80) is **GRANTED**.

12. Defendant's Motion *in Limine* regarding evidence equating FMLA protected leave to a reasonable accommodation under the ADA (Doc. No. 81) is **DENIED**.

13. Defendant's Motion *in Limine* regarding evidence of lost wages (Doc. No. 82) is **DENIED**. The Court may revisit this issue after reviewing the parties' submissions concerning damages.

14. Defendant's Motion *in Limine* regarding evidence that Defendant did not counsel Plaintiff regarding her absences (Doc. No. 83) is **DENIED**.

15. Defendant's Motion *in Limine* regarding evidence that Defendant did not consult with Plaintiff regarding homebound teaching position (Doc. No. 84) is **DENIED**.

16. Defendant's Motion *in Limine* regarding evidence that a private bathroom was needed as a reasonable accommodation (Doc. No. 87) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE